UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY RYAN,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHAL FOR THE SOUTHERN DISTRICT OF CALIFORNIA, in his or her individual and official capacities; DEPUTY U.S. MARSHALS DOES 1–20, in their individual capacities; and DOES 21–40,<br><br>                    Defendants. | Case No.:  26-CV-1517 TWR (MMP)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND ORDER DENYING MOTION FOR LEAVE TO FILE ELECTRONICALLY, AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>(ECF Nos. 1, 11) |

Presently before the Court is Plaintiff Jeremy Ryan's Motion for Reconsideration of Order Denying Motion to Proceed *in Forma Pauperis* and Order Denying Motion for Leave to File Electronically ("Mot.," ECF No. 11).  As noted in the Court's April 22, 2026 Order (1) Denying Without Prejudice Plaintiff's Motion for Leave to File Electronically, and (2) Granting Plaintiff's Motion to Proceed on Appeal *in Forma Pauperis*, Plaintiff has now met his burden of demonstrating that payment of the $405 filing fee will result in his inability to afford the "necessities of life."  (*See* ECF No. 8 at 2 (quoting *Escobedo v.*

1

*Applebees*, 787 F.3d 1226, 1234 (2015)).)   The Court therefore **GRANTS** Plaintiff's Motion to the extent he seeks leave to proceed without paying the filing fee.

Plaintiff also seeks reconsideration of his renewed Motion for Leave to File Electronically (ECF No. 4), which the Court had denied because, "[p]ending appeal, no further filings are required of Plaintiff before this Court in the foreseeable future." (*See* ECF No. 8 at 2.)  In light of the dismissal of Plaintiff's appeal and Plaintiff's showing that he has the requisite equipment and software to file electronically, (*see* ECF No. 4); *see also* U.S. Dist. Ct. for the S.D. of Cal., CM/ECF Information, General Info, https://www.casd. uscourts.gov/cmecf.aspx#undefined1 (last visited Mar. 5, 2026), the Court also **GRANTS** Plaintiff's Motion to the extent he seeks leave to file electronically.  *The Court reminds Plaintiff that any abuse of the CM/ECF system may result in termination of his electronic filing privileges.*

Finally, the Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief."  28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim").  As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3).  *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

"The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014).  While Federal "Rule [of Civil Procedure] 12(b)(6) does not

26-CV-1517 TWR (MMP)

countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations[,] . . . Section 1915([e)(2)) . . . accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including  "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Having reviewed Plaintiff's Complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B)(i).  First, Plaintiff's Complaint is subject to Federal Rule of Civil Procedure 8(a), which requires Plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  While Plaintiff's two-page Complaint is "short and plain," (*see generally* ECF No. 1 ("Compl.")), "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . .  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (third alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Here, Plaintiff alleges that he was subjected to "unconstitutional treatment"—including "prolonged shackling and extreme overcrowding"—"during federal pretrial transport and court-holding."  (*See* Compl. at 1.)  While Plaintiff's Complaint alleges one of the dates in question, (*see id.* at 2), he fails to include additional details such as the means of shackling and transport, how many other detainees were present, how many detainees were placed in a holding cell, how long detainees were subject to transportation and holding, and other facts that would "give fair notice and to enable the opposing party to defend itself effectively." *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Further, and perhaps more problematically, "[f]ederal courts are courts of limited jurisdiction[,]" and "[i]t is to be presumed that a cause lies outside this limited jurisdiction,

26-CV-1517 TWR (MMP)

and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Because Plaintiff is bringing constitutional claims against federal officials, he appears to be proceeding under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971).  The Supreme Court has recognized three causes of action under *Bivens* for unreasonable searches and seizures committed by federal officers in violation of the Fourth Amendment, *see id.* at 397; violations of Due Process, such as gender discrimination, under the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228, 248–49 (1979); and failure to provide adequate medical treatment in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause, *see Carlson v. Green*, 446 U.S. 14, 19 (1980).  *See Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017).  Over the past forty years, the Supreme Court "has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'" *See id.* at 135 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)).

Plaintiff's causes of action do not appear to fit into any of the three categories of causes of action recognized by the Supreme Court,[1] and "a court may not fashion a *Bivens*

---

[1] Specifically, Plaintiff's claims of excessive force to pretrial detainees arise under the Fourteenth Amendment, *see Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979)), and claims of excessive force as an inmate are properly brought under the Eighth Amendment.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Even if Plaintiff's claims were properly asserted under *Bivens*, Plaintiff has failed to state a valid claim because "a pretrial detainee can . . . prevail on an excessive force claim by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Venegas v. Bianco*, No. 519CV01557JLSSHK, 2020 WL 4334118, at *18 (C.D. Cal. Apr. 27, 2020) (first quoting *Bell*, 441 U.S. at 561; then quoting *Kinglsey v. Hendickson*, 576 U.S. 389, 298 (2015)).  Under this standard, courts have routinely rejected claims of the type Plaintiff alleges here.  *See, e.g.*, *Romine v. Cnty. of Clark*, 225 F.3d 663 (9th Cir. 2000) (unpublished table decision) ("The district court properly determined that [the pretrial detainee plaintiff]'s constitutional rights were not violated as a result of his temporary[, *i.e.*, two-day,] confinement in the holding cells of the Clark County Detention Center." (citing *Bell v. Wolfish,* 441 U.S. 520, 539 n.21 (1979)); *Venegas*, 2020 WL 4334118 at *18–19 & n.10 (dismissing upon *sua sponte* screening claims asserted by pro se prisoner proceeding *in forma pauperis* regarding cross chaining of pretrial detainees during transport and unsanitary holding cells); *Schilling v. TransCor Am., LLC*, No. C 08-941 SI, 2012 WL 3257659, at *9 (N.D. Cal. Aug. 8, 2012) ("The Court finds that use of the restraints at issue for a period exceeding 24 hours, by itself and given the context of transporting

26-CV-1517 TWR (MMP)

remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Egbert v. Boule*, 596 U.S. 482, 493, 142 S. Ct. 1793, 1804, 213 L. Ed. 2d 54 (2022) (quoting *Ziglar*, 582 U. S., at 137) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988)).   Here, the Director of the United States Marshals Service is statutorily required to "supervise and direct the United States Marshals Service in the performance of its duties," 28 U.S.C. § 561(g), which, according to regulations, specifically include the "[i]nvestigation of alleged improper conduct on the part of U.S. Marshals Service personnel."   28 C.F.R. § 0.111(n).   Despite Plaintiff's conclusory allegation that "[n]o administrative remedy was actually available to Plaintiff," (*see* Compl. at 2), an internet search for "marshal complaint form" links to an online form entitled "Complaint Regarding United States Marshals Service (USMS) Personnel or Programs."   *See* https://www.usmarshals.gov/sites/default/files/media/document/complaint-form_0_0.pdf. Plaintiff also fails to allege that he ever requested and was denied a complaint form by the United States Marshals Service.   (*See generally* Compl.)   "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy."   *Egbert*, 596 U.S. at 498.

For all these reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   Plaintiff **MAY FILE** an amended complaint curing the above-identified deficiencies <u>within twenty-one (21) days of the date of this Order</u>.   *Should Plaintiff fail timely to file an amended complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to prosecute in compliance with a court order requiring amendment.   See Lira v.*

---

prisoners outside of secure facilities, is not an unconstitutional deprivation under the Eighth Amendment."); *United States v. Arnett*, No. CR-F-95-5287 OWW, 2006 WL 2038533, at *5 (E.D. Cal. July 18, 2006) ("[The plaintiff] has no constitutional basis for complaining about the length of confinement in the courthouse holding cells while awaiting a court appearance.").

26-CV-1517 TWR (MMP)

*Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  June 18, 2026

_____
Honorable Todd W. Robinson
United States District Judge

26-CV-1517 TWR (MMP)