UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY RYAN,<br>Plaintiff,<br>v.<br>UNITED STATES MARSHAL FOR THE SOUTHERN DISTRICT OF CALIFORNIA, in his or her individual and official capacities; DEPUTY U.S. MARSHALS DOES 1–20, in their individual capacities; and DOES 21–40,<br>Defendants. | Case No.: 26-CV-1517 TWR (MMP)<br><br>**ORDER DISMISSING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) PLAINTIFF'S (1) *BIVENS* CAUSES OF ACTION WITH PREJUDICE, AND (2) FIRST AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>(ECF No. 13) |

On June 18, 2026, the Court granted Plaintiff Jeremy Ryan leave to proceed *in forma pauperis* and to file electronically and dismissed without prejudice his initial Complaint upon *sua sponte* screening under 28 U.S.C. § 1915(e)(2)(B). (*See generally* ECF No. 12 (the "Prior Order").) Presently before the Court is Plaintiff's First Amended Complaint ("FAC," ECF No. 13), which was timely filed pursuant to the Prior Order.

As previously explained to Plaintiff, (*see* Prior Order at 2–3), the Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C.

§ 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim"). As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

"The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014). While Federal "Rule [of Civil Procedure] 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations[,] . . . Section 1915([e)(2]) . . . accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Although Plaintiff's First Amended Complaint has addressed the Court's prior concerns under Federal Rule of Civil Procedure 8(a)(2), (*compare* ECF No. 1, *with* ECF No. 13; *see also* Prior Order at 3), the Court concludes that dismissal is again warranted under 28 U.S.C. § 1915(e)(2)(B)(i) on jurisdictional grounds. As previously explained, (*see* Prior Order at 3–4), "[f]ederal courts are courts of limited jurisdiction[,]" and "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of

establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Plaintiff now clarifies that he is bringing this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971), for violations of his Fifth Amendment right to due process under *Davis v. Passman*, 442 U.S. 228 (1979). (*See* FAC at 2–3.) Plaintiff contends that "[t]his case does not present a new *Bivens* context because the Ninth Circuit has already adjudicated the constitutional rights of pretrial detainees to be free from unwarranted shackling under the Fifth Amendment in this exact District." (*See id.* at 3 (citing *United States v. Sanchez-Gomez*, 859 F.3d 649 (9th Cir. 2017) (en banc)).) Plaintiff's reliance on the Ninth Circuit's decision in *Sanchez-Gomez*, however, is misplaced for more than one reason. First, the United States Supreme Court subsequently vacated the Ninth Circuit's decision in *Sanchez-Gomez*, *see generally United States v. Sanchez-Gomez*, 584 U.S. 381 (2018) (vacating and remanding on grounds of mootness), and "a decision that has been vacated has no precedential authority whatsoever[.]" *Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009) (citing *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 n. 2 (9th Cir. 1991))), *overruled on other grounds by Kwai Fun Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013). Second, unlike this action, *Sanchez-Gomez* did not arise under *Bivens* because the plaintiffs were criminal defendants who filed emergency motions in their criminal cases challenging the constitutionality of a district-wide shackling policy after their in-court objections to the policy had been overruled. *See Sanchez-Gomez*, 584 U.S. at 384; *see also Sanchez-Gomez*, 859 F.3d at 654.

Plaintiff also challenges his "unconstitutional conditions of confinement," (*see* FAC ¶¶ 48–52 (cleaned up and emphasis omitted)), relying on *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). (*See* FAC ¶ 49.) Like *Sanchez-Gomez*, however, *Bell* was not a *Bivens* action; rather, the plaintiffs in *Bell* filed petitions for writs of habeas corpus, which the district

/ / /

court then certified as a class action. *See* 441 U.S. at 526. Consequently, the Supreme Court did not recognize a cause of action under *Bivens* in *Bell*.

This brings the Court back to the three causes of action that the Supreme Court has recognized under *Bivens*: (1) unreasonable searches and seizures committed by federal officers in violation of the Fourth Amendment, *see* 403 U.S. at 397; (2) violations of Due Process, such as gender discrimination, under the Fifth Amendment, *see Davis*, 442 U.S. at 248–49; and (3) failure to provide adequate medical treatment in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause, *see Carlson v. Green*, 446 U.S. 14, 19 (1980). *See Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017). As the Court previously explained, (*see* Prior Order at 4–5 & n.1), Plaintiff's claims differ meaningfully from any of these pre-existing causes of action under *Bivens*.

Because Plaintiff's claim arises in a new context, the Court "must determine[] whether there is any alternative, existing process for protecting the plaintiffs' interests." *Mirmehdi v. United States*, 689 F.3d 975, 982 (9th Cir. 2012) (alteration in original and internal quotation marks omitted) (quoting *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1120 (9th Cir. 2009)). As the Court previously alluded to, (*see* Prior Order at 4–5), alternative remedies are available here. Indeed, more than one judge in this District has declined to recognize new *Bivens* claims against individual U.S. Marshals because of the availability of alternative administrative remedies. *See, e.g.*, *Romero v. United States*, 771 F. Supp. 3d 1137, 1148–49 (S.D. Cal. 2025); *Arellano v. Cnty. of San Diego*, No. 3:14-CV-02404-JO-KSC, 2023 WL 5986134, at *6 (S.D. Cal. Sept. 14, 2023). Plaintiff's allegations that he was unaware of and/or unable to submit a grievance while in custody do not change this calculus because the Supreme Court has recognized that "a regulation requiring an agency to investigate alleged misconduct offered an adequate alternative *Bivens*, even though the complainant was 'not entitled to participate and ha[d] no right to judicial review of an adverse determination'—and even though . . . the remedial scheme

/ / /

/ / /

did not provide monetary relief."[1] *See Pettibone v. Russell*, 59 F.4th 449, 456–57 (9th Cir. 2023) (quoting *Egbert v. Boule*, 596 U.S. 482, 497–98 (2022)). This is "because *Bivens* 'is concerned solely with deterring the unconstitutional acts of individual officers'—*i.e.*, the focus is whether the Government has put in place safeguards to 'preven[t]' constitutional violations 'from recurring.'" *Egbert*, 596 U.S. at 498 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001)) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994)). "If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Id.* at 493 (quoting *Ziglar*, 582 U.S. at 137). "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Id.* at 498. The Court therefore declines to do so here.

For all these reasons, the Court **DISMISSES WITH PREJUDICE** Plaintiff's causes of action under *Bivens*. *See Arellano*, 2023 WL 5986134, at *6 (dismissing with prejudice *Bivens* claim because "further amendment would be futile" because "a *Biven[s]* claim cannot lie in this scenario"). Because Plaintiff has alleged no viable causes of action, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff **MAY FILE** an amended complaint <u>on or before September 28, 2026</u>, if he believes he can allege another claim "warranted by existing law." *See* Fed. R. Civ. P. 11(b)(2); *see also* Fed. R. Civ. P. 15(a)(2) (requiring the court to "freely give leave [to amend] when justice so requires"). *If Plaintiff elects not to*

/ / /

/ / /

/ / /

---

[1] Plaintiff's failure to submit a grievance also demonstrates that he failed to exhaust his administrative remedies, which is a prerequisite to the filing of a *Bivens* action. *See, e.g.*, *Barron-Oseguera v. U.S. Marshal Serv.*, No. 108CV00541DLBPC, 2009 WL 112378, at *2 (E.D. Cal. Jan. 15, 2009). This would provide an independent basis for dismissal without prejudice of Plaintiff's claims.

*file an amended complaint by that deadline, the Court will dismiss this action without prejudice.*

**IT IS SO ORDERED.**

Dated: August 31, 2026

Honorable Todd W. Robinson
United States District Judge