UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JEREMY RYAN,

Plaintiff,

v.

UNITED STATES MARSHAL FOR THE SOUTHERN DISTRICT OF CALIFORNIA, in his or her individual and official capacities; DEPUTY U.S. MARSHALS DOES 1–20, in their individual capacities; and DOES 21–40,

Defendants.

Case No.: 26-CV-1517 TWR (MMP)

**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

(ECF No. 15)

On August 31, 2026, the Court dismissed with prejudice Plaintiff Jeremy Ryan's causes of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed without prejudice his First Amended Complaint. (*See* ECF No. 13 (the "Aug. 31 Dismissal Order").) Plaintiff timely filed the instant Second Amended Complaint, which—in compliance with the Court's August 31 Dismissal Order—dropped Plaintiff's claims for damages under *Bivens* and instead seeks only declaratory and prospective injunctive relief. (*See generally* ECF No. 15 ("SAC").) Specifically, "Plaintiff seeks an order requiring that, if Plaintiff is again held by USMS in the Southern District of California courthouse holding

area, restraints and holding conditions be determined through an individualized assessment rather than through a blanket practice applied to every detainee." (*See id.* ¶ 3; *see also id.* at Prayer for Relief.)

As previously explained to Plaintiff, (*see* August 31 Dismissal Order at 1–2), the Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim"). As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014).

"The federal courts are limited to deciding 'cases' and 'controversies.'" *Bova v. City of Medford*, 564 F.3d 1093, 1095 (9th Cir. 2009) (quoting U.S. Const. art. III, § 2). "Two components of the Article III case or controversy requirement are standing and ripeness." *Id.* at 1095–96 (citing *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009)). "These concepts are 'closely related.'" *Id.* at 1096 (quoting *Colwell*, 558 F.2d at 1123). "To have standing, a plaintiff must have suffered an injury in fact that is 'concrete and particularized;' that can be fairly traced to the defendant's action; and that can be redressed by a favorable decision of the court." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "While standing is primarily concerned with *who*

is a proper party to litigate a particular matter, ripeness addresses *when* litigation may occur." *Id.* (emphasis in original) (quoting *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997)). "[I]n many cases, ripeness coincides squarely with standing's injury in fact prong." *Id.* (alteration in original) (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc)). "The ripeness inquiry in some cases may therefore 'be characterized as standing on a timeline.'" *Id.* (quoting *Thomas*, 220 F.3d at 1138).

"For example, '[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (alteration in original) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). "That is so because, if the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing." *Id.* (citing *Lujan*, 504 U.S. at 560). "In this way, ripeness and standing are intertwined." *Id.*

Anticipating this issue, Plaintiff specifically addresses it in his operative Second Amended Complaint. (*See* SAC ¶¶ 28–38.) Specifically, Plaintiff alleges that he "is presently subject to federal home-confinement conditions and remains under the supervision of federal Pretrial Services." (SAC ¶ 28.) He "is homeless apart from his current placement at CoreCivic Oceanview Community Corrections Center in San Diego," (*id.* ¶ 29), and "has no approved alternative residence presently available to him." (*Id.* ¶ 30.) Plaintiff may be required to travel to Florida for a criminal case pending in the Middle District of Florida, which may create "a continuing risk of conflict with facility requirements concerning overnight absence of extended time away from the placement." (*See id.* ¶ 33.) As a result, CoreCivic could terminate his placement, which would violate Plaintiff's terms of release, which could lead to Plaintiff's re-detention in the Southern District of California. (*See id.* ¶¶ 31–34.) In that case, Plaintiff "is likely to be transported and held through the same USMS courthouse-holding process that subjected him to full restraints and overcrowded holding conditions in January and February 2026." (*Id.* ¶ 35.) Plaintiff contends that his "risk is distinct from a generalized fear of arrest" because "[i]t

arises from his active federal pretrial status, his home-confinement condition, his lack of an independent approved residence, the terms of his current placement, and the stated detention consequence if that placement ends." (*Id.* ¶ 36.)

Plaintiff's argument, however, "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas*, 523 U.S. at 300 (internal quotation marks omitted) (quoting *Thomas v. Union Carbide Agricultural Prods. Co.*, 473 U.S. 568, 580–581 (1985)). It is not clear whether (1) Plaintiff will be required to travel to Florida, much less for an "extended time;" (2) CoreCivic will terminate Plaintiff's placement because of any such travel; (3) Plaintiff will be re-detained if CoreCivic were to terminate Plaintiff's placement because of Plaintiff's hypothetical travel; or (4) the restraint policies and holding conditions Plaintiff challenges will remain in place at the time of Plaintiff's possible re-detention. In other words, Plaintiff is several contingencies away from his alleged injury. Under these circumstances, Plaintiff has failed to establish that this Court has subject-matter jurisdiction. *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 105–10 (1983) (reversing appellate court's conclusion that a plaintiff "had a live and active claim" where the plaintiff sought an injunction against the defendant city's use of chokeholds by police officers because the plaintiff failed to allege "a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part); *Bova*, 564 F.3d at 1097 (vacating with instructions to dismiss where the plaintiffs' alleged injury was contingent on two events because "unless and until contingent events occur, neither Plaintiff will have suffered an injury that is concrete and particularized enough to survive the standing/ripeness inquiry"). The Court therefore **DISMISSES WITHOUT PREJUDICE** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff may move to reopen this case or file a new case if he is faced

/ / /

/ / /

/ / /

with a live case or controversy concerning the United States Marshals Service's restraint policy and holding conditions in this District.

**IT IS SO ORDERED.**

Dated: November 18, 2026

Honorable Todd W. Robinson
United States District Judge